**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-6846**

ANTHONY DONNELL GLOVER,

        Plaintiff - Appellant,

    v.

STATE OF SOUTH CAROLINA,

        Defendant - Appellee,

    and

WARDEN LARRY CARTLEDGE,

        Respondent.

Appeal from the United States District Court for the District of South Carolina, at Orangeburg. J. Michelle Childs, District Judge. (5:16-cv-00969-JMC)

Submitted: October 25, 2017                Decided: November 8, 2017

Before GREGORY, Chief Judge, and NIEMEYER and DUNCAN, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Anthony Donnell Glover, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Glover seeks to appeal the district court's order adopting the magistrate judge's recommendation and dismissing his petition. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

Parties are accorded 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court's order was entered on the docket on May 8, 2017. The notice of appeal was filed on June 22, 2017.[*] Because Glover failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); *Houston v. Lack*, 487 U.S. 266, 276 (1988).